UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN PATRICK MOONEY,<br><br>            Plaintiff,<br><br>    v.<br><br>JEFFREY A. BEARD, Secretary,<br>California Department of Corrections and<br>Rehabilitation,<br><br>            Defendant. | No.  2:13-cv-2290 KJN P<br><br>ORDER and<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983, and requests authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 and 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. §
3  1915(b)(2).

4  The court is required to screen complaints brought by prisoners seeking relief against a
5  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
6  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
7  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
8  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

9  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
12 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
13 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
14 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
15 Cir. 1989); Franklin, 745 F.2d at 1227.

16 For the following reasons, the undersigned finds that plaintiff has failed to state a
17 cognizable civil rights claim, and that it would be futile to authorize the filing of an amended
18 complaint.  Therefore, the undersigned recommends that this action be dismissed.

19 Plaintiff's factual allegations are straightforward.[1]  Naming only Jeffrey A. Beard, the
20 Secretary of the California Department of Corrections and Rehabilitation (CDCR), as defendant
21 in this action, plaintiff challenges the policy authorizing routine deductions from deposits made

---

[1] Plaintiff previously filed an identical action in this court that was dismissed for failure to exhaust administrative remedies.  See Mooney v. Secretary of the CDCR et al., Case No. 2:13-cv-1165 TLN EFB P.  In the present case, plaintiff avers, with supporting documentation, that he exhausted his available administrative remedies.  His administrative appeal was cancelled because the issue he pursues herein "is outside the scope of the Inmate Appeals process." (ECF No. 1, Exh. A.)  The Prison Litigation Reform Act requires only that a prisoner exhaust *available* administrative remedies before commencing a civil action.  42 U.S.C. § 1997e(a); see also Nunez v. Duncan, 591 F.3d 1217, 1220-21, 1225-26 (9th Cir. 2010) (administrative exhaustion requirement may be waived where a prisoner's administrative remedies are effectively unavailable).

into his prison trust account. Specifically, plaintiff challenges the 50% deduction of his deposits made payable to the California Victims Compensation and Government Claims Board (CVCGB), in partial payment of plaintiff's restitution fine[2] of $10,000, and the related 5% deduction of his deposit for administrative fees. Plaintiff contends that this policy violates his Fourteenth Amendment rights to due process and equal protection, and his Eighth Amendment right to be free of excessive fines. Plaintiff seeks declaratory and injunctive relief, and compensatory damages. Plaintiff also requests the appointment of counsel.

An authorized deprivation of property pursuant to prison regulations is valid if it is reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). The California Penal Code, at Section 2085.5, requires the Secretary of CDCR to make deductions from prisoner wage and trust account deposits for payment of restitution obligations:

> In any case in which a prisoner owes a restitution fine imposed pursuant to subdivision (a) of Section 13967 of the Government Code, as operative prior to September 28, 1994, subdivision (b) of Section 730.6 of the Welfare and Institutions Code, or subdivision (b) of Section 1202.4, the Secretary of the Department of Corrections and Rehabilitation shall deduct a minimum of 20 percent or the balance owing on the fine amount, whichever is less, *up to a maximum of 50 percent* from the wages and trust account deposits of a prisoner, unless prohibited by federal law, and shall transfer that amount to the California Victim Compensation and Government Claims Board for deposit in the Restitution Fund in the State Treasury. Any amount so deducted shall be credited against the amount owing on the fine. The sentencing court shall be provided a record of the payments.

Cal. Pen. Code § 2085.5(a) (emphasis added). Substantive and procedural due process challenges to Section 2085.5 have been routinely rejected by the courts, which have found that the statute is "rationally related to legitimate state interests in compensating crime victims," and because "the deductions were effected by a valid act of the California legislature and the legislative process." Craft v. Ahuja, 475 Fed. Appx. 649, 650 (9th Cir. 2012); accord, Abney v. Alameida, 334 F.

---

[2] Plaintiff does not contest the validity of his underlying conviction. However, even if the complaint were construed as a challenge to the validity of the restitution aspect of plaintiff's conviction, the conviction has not been invalidated, and so the claim would be without merit. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir. 1995).

3

1  Supp. 2d 1232 (S.D. Cal. 2004) (rejecting plaintiff's due process and equal protection claims on
2  the ground that "[p]laintiff has not, and cannot, allege that the deduction of money to satisfy the
3  victim restitution order is not a legitimate interest of the State of California."); Thompson v.
4  Swarthout, 2012 WL 1682029, *3 (E.D. Cal. 2012) (no cognizable claim for relief under the
5  Fourteenth Amendment) (citing cases).  Moreover, to the extent that plaintiff challenges his
6  underlying obligation to pay his restitution fine, there is no basis for a takings challenge.  See
7  Abney v. Alameida, 334 F.Supp.2d 1221, 1229 (S.D. Cal. 2004) (explaining that "[u]nlike the
8  ordinary situation where the government takes property for public use without a prior relationship
9  to the owner of the property, Plaintiff is subject to the regulatory scheme here only as a result of a
10 criminal conviction entered against him and the subsequent collection of a related civil judgment,
11 and he retains the full measure of his rights to challenge the imposition and execution of the civil
12 judgement").

13         Pursuant to these authorities, the court finds that plaintiff has failed to state a cognizable
14 due process claim.

15         Plaintiff's equal protection claim is premised on his allegations that application of Section
16 2085.5 places a greater responsibility on incarcerated (as compared to unincarcerated) "convicted
17 persons" to "pay for state expenses resulting from crimes committed by other 'criminals,'" and
18 thus carry "a greater responsibility for the . . . resulting financial burden on the state."  (ECF No.
19 1 at 4-5.)  The court in Rideau v. Minnick 2009 WL 3563704 (S.D. Cal. 2009), rejected a similar
20 argument, made by an inmate serving a sentence of life imprisonment without the possibility of
21 parole, who asserted that he was being treated differently from inmates serving lesser sentences,
22 who could deposit funds in programs that were exempt from restitution garnishment, e.g.,
23 overnight family visits, while lifers could not participate in such programs and thus were unable
24 to insulate funds from garnishment.  After reviewing the elements of an equal protection claim,[3]

---

25 [3] "Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio
26 School District v. Rodriguez, 411 U.S. 1 (1972). In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that
27 similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)."
28 Rideau, 2009 WL 3563704 at *2.

the court found that "[p]laintiff cannot allege facts to show that he is 'similarly situated' to inmates that are serving a sentence of less than life for the fact that these inmates will eventually be released from prison while plaintiff will not. See Thornton v. City of St. Helens, 425 F.3d 1158, 1168 (9th Cir.2005) ('[D]ifferent treatment of unlike groups does not support an equal protection claim.')." Rideau, 2009 WL 3563704 at *2.

Similarly, in the instant case, plaintiff fails to allege facts demonstrating that he is "similarly situated" to "convicted persons who are not incarcerated," and hence not subject to garnishment from their prison trust accounts for payment of their restitution fines. Full payment of the restitution fine remains the goal, but the state may pursue other means for garnishing a parolee's wages or assets. See e.g. Cal. Pen. Code § 2085.5(g) (parolees). The court finds no merit to plaintiff's equal protection claim.

Similarly, the $5.00 administrative fee charged plaintiff was authorized by statute, which permits CDCR to retain ten percent (10%) of any amount transferred to the CVCGB. Section 2085.5 provides in pertinent part:

> The secretary shall deduct and retain from the wages and trust account deposits of a prisoner, unless prohibited by federal law, an administrative fee that totals 10 percent of any amount transferred to the California Victim Compensation and Government Claims Board pursuant to subdivision (a) or (c).

Cal. Pen. Code § 2085.5(e).

"No court has held that a prison official's collection of an administrative fee authorized by Section 2085.5 is unconstitutional, let alone that it violates the Ex Post Facto Clause or the Takings Clause." Walters v. Cate, 2013 WL 1859223, *12 (C.D. Cal. 2013) (finding officials protected by qualified immunity). Moreover, plaintiff's reliance on the Eighth Amendment is misplaced, because "[t]he Excessive Fines Clause . . . "limits the government's power to extract payments, whether in cash or in kind, 'as *punishment* for some offense.'" Austin v. United States, 509 U.S. 602, 609-610 (1993) (original emphasis). The challenged fee is authorized to cover administrative expenses, not as punishment. Cf. Moyer v. Alameida, 184 Fed. Appx. 633, 636-37 (9th Cir. 2006) (nonpunitive administrative fee does not violate Eighth Amendment proscription against excessive fine).

For these reasons, the court finds that the complaint fails to state a cognizable claim for relief, and that it would be futile to permit amendment. Therefore, the court will recommend dismissal of this action without leave to amend.

One matter remains. Plaintiff requests the appointment of counsel. Calling the California Victims' Bill of Rights of 1982 an "atomic bomb" that created "a drastic and fundamentally disparate new form of restitution," plaintiff characterizes the instant action an opportunity to reveal and overturn the inadequacies of the legislation. Plaintiff states that he requires the assistance of appointed counsel because he is not otherwise "able to perform research and acquire relevant information on such non-obvious alternative interpretations of the statutory language because it requires abstraction in reference to countless facets of how laws are written, proposed, adopted, practiced and questioned, all of which are beyond his unprofessional understanding of them." (ECF No. 3 at 3.)

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Plaintiff asserts that he requires the assistance of counsel to research the complex legal issues presented in his complaint. However, the court has found that plaintiff's claims lack merit and bear no likelihood of success. For this reason, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel in

this action. The request will be denied without prejudice

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 5) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's request for appointment of counsel (ECF No. 3) is denied.

4. The Clerk of Court is directed to randomly assign a district judge to this action.

In addition, for the preceding reasons, IT IS HEREBY RECOMMENDED that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 16, 2014

/moon2290.scrn.dsms.

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE